UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| JOSUE PENA, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 2:16-cv-02239-SLD |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |
| | ) |

## ORDER

Before the Court are Petitioner Pena's motion for relief from his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1; his motion for leave to supplement his reply to the government's response, ECF No. 6; and his motion for leave to file an amended supplemental reply, ECF No. 7. Pena's motions for leave are GRANTED, and his § 2255 petition is DENIED.

## BACKGROUND[1]

An informant told the police that Pena was selling drugs in Decatur, Illinois. On May 1, 2013, the informant received about five pounds of marijuana from Pena, apparently on consignment. Following this controlled buy, the police put a tracking device on Pena's truck, and at some point later, on a Hyundai Sonata that Pena indicated to the informant was involved in his drug trafficking. Later, on June 25, 2013, the informant met with Pena again and paid him $1,500 for the marijuana, and inquired about buying some cocaine. On July 9, 2013, the informant bought an ounce of cocaine from Pena, and again, on July 12, the informant bought five ounces of cocaine, for which the informant paid $5,000.

---

[1] Citations to Pena's case of conviction, *United States v. Pena*, 2:14-cr-20025-HAB-DGB-1 (C.D. Ill. 2015), will be made in the form "CR ECF No. __." Unless otherwise noted, the facts related here are taken from the Revised Presentence Investigation Report ("PSR"), CR ECF No. 22, prepared in that case.

1

On July 21, 2013, a gunshot victim appeared at Huck's gas station in Decatur. He claimed to have been the victim of a drive-by shooting, but when the police went to the scene, they found a baggie in the middle of the road with 505.7 grams of cocaine. It later emerged, in conversations between Pena and the informant and in police interviews with Pena, that the gunshot victim had tried to steal the cocaine from Pena during a sale, and Pena or someone else had shot him. As he fled the scene, Pena admitted to having fired a gun either at the victim, or into the air.

Later, on August 3, 2013, the Sonata was stopped by a Phelps County, Missouri sheriff's deputy, who eventually discovered four kilograms of cocaine in the car in hidden compartments. On April 25, 2014, Pena was arrested pursuant to a warrant.

He was charged by criminal complaint on April 25, 2014 with the conduct described above. Compl. 2–6. CR ECF No. 1. An indictment, CR ECF No. 8, followed on May 8, 2014, charging Pena with (I) distributing the marijuana to the informant on May 1, 2013, Indictment 1–2; (II) distributing the cocaine to the informant on July 9, 2013, *id.* at 2; (III) distributing the cocaine to the informant on July 12, 2013, *id.*, all in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C); (IV) possession with intent to distribute of the at least 500 grams of the cocaine that was found lying in the road on July 21, 2013, Indictment 3, in violation of 21 U.S.C.§§ 841(a)(1) and 841(b)(1)(B); (V) discharging a gun during and in relation to a drug trafficking crime, Indictment 3, in violation of 18 U.S.C. § 924(c)(1)(A)(iii); and (VI) attempted possession of at least 500 grams of the cocaine found in the Hyundai on August 3, 2013, Indictment 4, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

On June 11, 2014, the government filed a notice that it would seek to enhance Pena's sentence with a prior conviction for the manufacture or delivery of a controlled substance,

pursuant to 21 U.S.C. § 851.  On June 18, 2014, Pena pleaded guilty to Counts IV–VI before a magistrate judge, Jun. 18, 2014 CR Minute Entry, and filed a written plea agreement, CR ECF No. 14.  The magistrate judge recommended that Pena's plea be accepted, Report and Recommendation, CR EC No. 17, and on January 9, 2015, the district judge accepted the plea and sentenced Pena to the statutory minimum of 120 months on Counts IV and VI, to run concurrently, and to the statutory minimum of 120 months on Count V, to run consecutively as required by the statute, for a total of 240 months, with eight years of supervised release to follow.  Jan. 9, 2015 CR Minute Entry.  The government dismissed Counts I–III.  *Id.*  Written judgment entered the same day.  CR ECF No. 25.  On January 12, 2016, the government filed a sealed motion, CR ECF No. 29, and on February 2, 2016, Pena's sentence was reduced to ten years, CR ECF No. 33.

Pena filed the instant motion to vacate his sentence on July 28, 2016.

## DISCUSSION

### I. Legal Standard on a Motion to Vacate Sentence Under 28 U.S.C. § 2255

28 U.S.C. § 2255, "the federal prisoner's substitute for habeas corpus," *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012), permits a prisoner incarcerated pursuant to an Act of Congress to seek that his sentence be vacated, set aside, or corrected if "the sentence was imposed in violation of the Constitution or laws of the United States, or . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack[.]"  28 U.S.C. § 2255(a).  *See Webster v. Daniels*, 784 F.3d 1123, 1124 (7th Cir. 2015) ("As a rule, the remedy afforded by section 2255 functions as an effective substitute for the writ of habeas corpus that it largely replaced.").  When presented with a § 2255 motion, a district court must hold an evidentiary

hearing on the applicant's claim, and make findings of fact and conclusions of law. 28 U.S.C. § 2255(b). However, "[i]t is well-established that a district court need not grant an evidentiary hearing in all § 2255 cases." *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal prisoner seeking to vacate his sentence typically has one year to do so, from the date upon which the judgment of his conviction became final. 28 U.S.C. § 2255(f)(1). However, if the right he asserts has been newly recognized and made retroactively applicable by the Supreme Court to cases on collateral review, he has one year from the date the Supreme Court recognized the right. *Id.* § 2255(f)(3).

**II. Analysis**

Pena argues that his sentence must be set aside because trial counsel rendered constitutionally deficient assistance, Pet. 5–9; and that the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015), requires that his conviction on Count V be vacated, Pet. 9–16. The government responds that Pena's counsel was not ineffective and that he could not have been prejudiced by any ineffectiveness, Resp. 5–7, ECF No. 5; that the claim is time-barred, *id.* at 7–9; that Pena's claims are barred by a collateral attack waiver, *id.* at 4; and that *Johnson* does not affect Pena's sentence, *id.* at 9–10.

**a. Ineffective Assistance of Counsel**

Pena appears to argue that his attorney was ineffective on the basis of two contradictory grounds. The first: that Pena's attorney did not convey to him the notice that the government did provide indicating that it would rely on a prior drug conviction to enhance Pena's sentence.

4

*See* Pena Aff., Pet. Ex A, ECF No. 1-1 ("At no time prior to my June 18, 2014 [sic] did I receive or otherwise see an 851 notice from the Government advising of its intention to enhance my sentence in this matter."). The second: that his counsel "elect[ed] to forego attacking the Government in its failure to provide a 851 notice to the Petitioner," and that the district court erred in permitting his sentence to be enhanced without such notice.

Pena did not appeal his conviction, and thus did not seek direct review of whether his counsel was ineffective, or whether the district court erred as described above. However, "[a]ttorney error that constitutes ineffective assistance of counsel is cause to set aside a procedural default." *Franklin v. Gilmore*, 188 F.3d 877, 883 (7th Cir. 1999). Indeed, "[i]n light of the way our system has developed, in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 505 (2003). Whether an attorney has rendered ineffective assistance sufficient to set aside a procedural default is evaluated under the two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984). The test requires a petitioner to show "(1) that his counsel's performance was so deficient as to fall below an objective standard of reasonableness under 'prevailing professional norms'; and (2) that the deficient performance so prejudiced the defense as to deny the defendant a fair trial." *Lee v. Davis*, 328 F.3d 896, 900 (7th Cir. 2003) (quoting *Strickland*, 466 U.S. at 687–88). The performance standard "gives a wide latitude of permissible attorney conduct, and a prisoner 'must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.'" *Washington v. Smith*, 219 F.3d 620, 627 (7th Cir. 2000) (quoting *Strickland*, 466 U.S. at 689). Since a prisoner must succeed in showing both deficient performance and prejudice "[w]hen applying *Strickland* to the facts of a particular case, 'there is no reason for a court . . . to approach the inquiry in the same order or

even to address both components of the inquiry if the defendant makes an insufficient showing on one.'" *McDaniel v. Polley*, 847 F.3d 887, 893 (7th Cir. 2017) (quoting *Strickland*, 466 U.S. at 697) (alteration in original).

Without addressing the government's arguments as to waiver or timeliness, it is clear that Pena's claim of ineffective assistance of counsel fails because counsel was not ineffective. Insofar as Pena claims that counsel was ineffective for failing to attack the government for not issuing a notice of sentence enhancement pursuant to 21 U.S.C. § 851, he cannot prevail because the government did issue the notice. Section 851 requires the government to file notice of the previous convictions it will seek to rely on in enhancing a sentence under statute, and to serve that notice on the defendant or counsel. 21 U.S.C. § 851. But the government did file the notice. *See* Information, CR ECF No. 13. In filing the notice via the CM-ECF system, the government also served it on Pena's counsel. *See* C.D. Ill. L.R. 5.3(A).

And insofar as Pena is claiming that his counsel did not convey the notice to him, as the government observes, he is contradicted by his own and his counsel's testimony, and by the record. In addition, he cannot have been prejudiced, because he was notified of the enhancement in open court before pleading guilty. Pena entered into a written plea agreement in which he acknowledged that he had a prior felony drug conviction, Plea Agr. ¶ 12, and later confirmed to the magistrate judge at his change of plea hearing that his attorney had read the document to him, Jun. 18, 2014 Change of Plea Tr. 18–19, CR ECF No. 34. At the same hearing, his attorney swore under oath that all formal offers from the government were communicated to Pena. *Id.* at 17–18. And the magistrate judge informed Pena in open court that there was "a notice in the record of prior felony drug convictions." *Id.* at 14.

The government filed the § 851 notice, and Pena had notice of its filing via multiple independent means, including counsel's dilligence. Counsel was not ineffective, and in any case, Pena could not have been prejudiced.

### b. Application of *Johnson v. United States*

Pena argues that because *Johnson* found a portion of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), to be unconstitutionally vague, his conviction under 18 U.S.C. § 924(c)(1)(A)(iii) must be vacated. However, as the government observes, neither the unconstitutionally vague language in the ACCA nor similar language formed the basis of his conviction.

*Johnson* held that the ACCA's definition of a "violent felony," used for purposes of a sentencing enhancement under the statute, was partly void for vagueness under the Fifth Amendment. *Johnson*, 135 S.Ct. at 2557. The unconstitutionally vague portion described a violent felony as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). But Pena's sentence was not enhanced under 18 U.S.C. § 924(e); rather, he was sentenced to a freestanding mandatory ten-year minimum consecutive sentence for discharging a firearm in furtherance of a drug trafficking crime pursuant to 18 U.S.C. § 924(c)(1)(A)(iii). *See* Indictment 3.

It is true that 18 U.S.C. § 924(c)(1)(A) also penalizes the discharge of a firearm during a "crime of violence," which the statute defines using similar language to the unconstitutionally vague language of 18 U.S.C. § 924(e). *See* 18 U.S.C. § 924(c)(3)(B) (defining a crime of violence as a felony that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"). The definition of a crime of violence under 18 U.S.C. § 924(c) is likely also unconstitutionally vague,

7

although neither the Supreme Court nor the Seventh Circuit has decided the question. *See United States v. Vivas-Ceja*, 808 F.3d 719, 723 (7th Cir. 2015) (finding "materially the same" as the ACCA's unconstitutionally vague clause the language in 18 U.S.C. § 16(b) qualifying a crime of violence as one that "by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense"); *Eldridge v. United States*, No. 16-CV-3173, 2016 WL 3556997, at *2 (C.D. Ill. June 24, 2016) ("[I]t is likely that the reasoning of *Johnson* applies to the [sic] § 924(c)(3)(B) and renders § 924(c)(3)(B) unconstitutionally vague.").

But the Court need not address whether § 924(c)'s definition of crimes of violence is unconstitutional because, as explained above, Pena was charged with a violation of § 924(c)(1)(A)(iii) in relation to a drug trafficking crime, rather than a crime of violence. A drug trafficking crime is defined simply as "any felony punishable under the Controlled Substances Act . . . the Controlled Substances Import and Export Act . . . or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). Section 924(c) penalizes discharge of firearms "during and in relation to any crime of violence or drug trafficking crime," and is thus a "divisible" statute, meaning that it "sets out one or more elements of the offense in the alternative[.]" *Descamps v. United States*, 133 S. Ct. 2276, 2281 (2013). Pena's charge and guilty plea relied upon his discharge of a firearm during a drug trafficking crime, rather than a crime of violence, as was plain both from the indictment and the plea agreement.

In addition, § 924(c) is a stand-alone crime, rather than an enhancement provision that relies on a prior conviction; it does not require a prosecution for or conviction of the other offense. *See United States v. Moore*, 763 F.3d 900, 908 (7th Cir. 2014). Thus, it is enough that Pena admitted as a factual basis for his plea, Plea Agr. 13–14, that he fired a gun in connection

with a drug crime. *See Davila v. United States*, 843 F.3d 729, 731 (7th Cir. 2016) ("When stating the factual basis of his plea, Davila admitted to a substantive drug offense that made him eligible for conviction under § 924(c), no matter how the Hobbs Act conspiracy is best classified (a subject that we do not address).").

Pena's sentence for discharging a firearm in connection with a drug crime under 18 U.S.C. § 924(c)(1)(A)(iii) did not rely on any provision of law invalidated by *Johnson*, and will not be overturned.

### c. Evidentiary Hearing and Certificate of Appealability

Because the record of the case conclusively shows that Pena is entitled to no relief, the Court will not hold an evidentiary hearing. 28 U.S.C. § 2255(b).

A petitioner may only appeal a district court's final order on a § 2255 proceeding if a certificate of appealability issues. *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); *Miller–El v. Cockrell*, 537 U.S. 322, 335–36 (2003). When a district court enters a final order adverse to the applicant, it must issue or deny a certificate of appealability. 2255 R. 11(a). A certificate of appealability will issue only for those matters upon which "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, the petitioner must "demonstrate that reasonable jurists could debate whether [the] challenge in [the] habeas petition should have been resolved in a different manner or that the issue presented was adequate to deserve encouragement to proceed further." *Ouska v. Cahill-Masching*, 246 F.3d 1036, 1046 (7th Cir. 2001). The Court finds that reasonable jurists could not disagree with the Court's conclusion that Pena is entitled to no relief because his counsel was not ineffective and the validity of his conviction was not disturbed by *Johnson*. No certificate shall issue.

9

## CONCLUSION

Accordingly, Petitioner's motion to vacate his sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, is DENIED. His motions for leave to supplement and file an amended reply, ECF Nos. 6, 7, are GRANTED. A certificate of appealability is DENIED. The Clerk is directed to enter judgment and close the case.

Entered this 14th day of June, 2017.

s/ Sara Darrow
SARA DARROW
UNITED STATES DISTRICT JUDGE